**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

LAHA GROWS                                    CIVIL ACTION

VERSUS                                        NO. 13-2806

TURNER INDUSTRIES GROUP, LLC                  SECTION "B"(1)

<u>ORDER AND REASONS</u>

Before the Court is Defendant's Motion for Summary
Judgement. (Rec. Doc. No. 9). Plaintiff filed a Response. (Rec.
Doc. No. 11). Defendant filed a Reply thereto. (Rec. Doc. No.
12).

Accordingly, and for the reasons enumerated below **IT IS
ORDERED** that Defendant's Motion for Summary Judgement is **GRANTED**
and Plaintiff's claims against Defendant are **DISMISSED FOR LACK
OF STANDING.**

**Procedural History:**

This case arises out of Plaintiff's claims against her
former employer for violations of Louisiana Employment
Discrimination Law, La. R.S. 23:301 *et seq.*, and alleged
retaliation for seeking worker's compensation benefits, La. R.S.
23:1301. (Rec. Doc. No. 1). Plaintiff originally filed a Petition
for Damages in the 29th Judicial District Court for the Parish of
St. Charles on March 28, 2013. (Rec. Doc. No. 1-2). Defendant
removed, invoking this Court's jurisdiction in bankruptcy
proceedings under 28 U.S.C. 1334(b) which provides "the district

1

courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Defendant alleged that on or about February 20, 2013 Plaintiff had filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of Louisiana, and the instant claims related to the bankruptcy proceeding in that the claims were an asset of the bankruptcy estate. (Rec. Doc. No. 1 at 2) (citing *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999)).

Defendant now claims that Plaintiff lacks standing to pursue the instant claims because "[t]he trustee of her bankruptcy estate is the party in interest." (Rec. Doc. No. 9-1 at 1). In the alternative, Defendant argues Plaintiff is judicially estopped from asserting her claims because she failed to disclose her claims against Defendant in her bankruptcy proceeding. (*Id.*).

**Law and Analysis:**

### I. Summary Judgement

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict

2

for the nonmovant.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts - more than some "metaphysical doubt" - to demonstrate that a genuine issue exists for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). "[T]he issue of material fact required by Rule 56 to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968).

## II. Standing

In order to assert a legal claim, a claimant must have standing to do so. *Warth v. Seldin*, 422 U.S. 490, 498 (1975) ("In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."). Central to the standing requirement is the prerequisite that a claimant assert their own legal interests, and not the legal rights of other persons. *See Allen v. Wright*, 468 U.S. 737, 751 (1984) ("Standing doctrine embraces several

3

judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights . . ."). Where a party attempts to enforce claims rightfully belonging to another, their claims must be dismissed for lack of standing. *See Powers v. Ohio*, 499 U.S. 400, 410 (1991) ("In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.").[1] Because standing is a core component of a federal court's subject matter jurisdiction, the issue of standing is decided as a preliminary matter and, if standing does not exist, the court need not proceed to other issues in the case. *Warth*, 422 U.S. at 498 (holding that standing "is the threshold question in every federal case, determining the power of the court to entertain the suit.").

### III. Effect of Bankruptcy on Legal Claims

As the Fifth Circuit has observed, "[s]ection 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, including causes of action belonging to the debtor at the commencement of the bankruptcy case, vest in the bankruptcy estate upon the filing of a bankruptcy petition." *Kane v. Nat'l*

---

[1] One exception to this rule is the doctrine of third-party standing. *Kowalski v. Tesmer*, 543 U.S. 125, 129-30 (2004). However, because neither party has argued that this doctrine applies in the instant case, the Court does not analyze it here.

*Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008); *In re Swift*, 129 F.3d 792, 795 (5th Cir. 1997). If an asset is considered part of the bankruptcy estate, the debtor loses all legal right in the asset unless and until the asset is abandoned by the trustee. *Kane*, 535 F.3d at 385.  For this reason, "a trustee, as the representative of the bankruptcy estate, is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed." *Id.*

**IV. Analysis**

Plaintiff lacks standing to pursue the claims alleged against Defendant. Plaintiff instituted Chapter 7 bankruptcy proceedings on February 20, 2013. (Rec. Doc. No. 11-3). Plaintiff then instituted the instant case on March 28, 2013. (Rec. Doc. No. 1-1). Parities agree that Plaintiff failed to initially list the instant lawsuit as an asset in her bankruptcy proceeding, and that the Summary of Schedules has not been amended to include the suit. (Rec. Doc. No. 11 at 2-3). Plaintiff further concedes that the suit "remains a part of the estate." (Rec. Doc. No. 11 at 4). As discussed above, where an asset is part of a estate subject to ongoing bankruptcy proceedings the debtor lacks any legal right in the asset unless abandoned by the trustee. *Kane*, 535 F.3d at 385. Because Plaintiff lacks any legal right in the claims alleged, she similarly lacks standing to pursue those claims before this Court.

In response, Plaintiff argues that summary judgement is

inappropriate at this time because "there exists a question of fact as to whether the Trustee intends to pursue this claim as part of the estate or whether he intends to abandon it, meaning that [Plaintiff] would be the proper party to bring such a claim." (Rec. Doc. No. 11 at 8). The Trustee has given no indication in either these proceedings or in the bankruptcy proceedings that he intends to abandon the claims or pursue them in the instant litigation.  The Court will not speculate on the Trustee's future intentions. *See Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) (speculative claims of future injury are not enough to grant standing and invoke federal court jurisdiction).  At this time, Plaintiff lacks standing to pursue the instant claims against Defendant. Therefore, her claims must be dismissed.

Accordingly, and for the reasons enumerated above **IT IS ORDERED** that Defendant's Motion for Summary Judgement is **GRANTED** and Plaintiff's claims against Defendant are **DISMISSED FOR LACK OF STANDING.**[2]

New Orleans, Louisiana, this 18th day of November, 2013.

UNITED STATES DISTRICT JUDGE

---

[2] In view of this dispositive ruling on the standing issue, there is no need at this time to consider the estoppel argument.